## SUNBEAM FURNITURE CORP. et al. v. SUNBEAM CORP.

No. 12628.

United States Court of Appeals
Ninth Circuit.

Sept. 12, 1951.

732

Huebner, Beehler, Worrel & Herzig and Vernon D. Beehler, all of Los Angeles, Cal. (Herbert A. Huebner, Los Angeles, Cal., of counsel) for appellant.

Rogers & Woodson, William T. Woodson, Beverly W. Pattishall, and Lewis S. Garner all of Chicago, Ill. (John F. McCanna, Chicago, Ill. and Lyon & Lyon, Reginald E. Caughey, all of Los Angeles, Cal., of counsel), for appellee.

Before STEPHENS, POPE, Circuit Judges, and JAMES ALGER FEE, District Judge.

PER CURIAM.

We have before us a petition for a rehearing of the appeal in the above entitled case upon the part of the defendant below. The defendant-appellant thinks it is unfairly restrained because the Expert Lamps, Inc., manufacturers of the lamps bearing the mark "Sunbeam", has not defended its right to use such mark and that the restraint limits appellant from handling the lamp bearing such mark while other dealers are not so limited. Our response is that litigation directly concerns only the parties to the suit. If in future litigation or in any otherwise Expert Lamps, Inc. should be adjudged to have the right to the mark or should acquire such right, the appellant may of course apply to the court for relief from the injunction. United States v. Swift & Co., 1932, 286 U.S. 106, 114, 52 S.Ct. 460, 76 L.Ed. 999.

The point made to the effect that we have misconstrued our own opinion in Sunbeam Lighting Co. v. Sunbeam Corporation, 9 Cir., 1950, 183 F.2d 969, and misapplied it to the instant case needs little comment. The expressions and conclusions in each separate opinion derive from the facts of each separate case. The facts are similar but are not the same. They do, however, call forth the operation of principles common to both.

The petition of Sunbeam Furniture Corp., et al., for rehearing is denied.